Cardillo & Corbett
Attorneys for Plaintiff
THE GREAT EASTERN SHIPPING CO., LTD.
29 Broadway
New York, New York 10006
Tel: (212) 344-0464
Fax: (212) 797-1212
Tulio R. Prieto (TP-8455)



'08 CIV 4568

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
THE GREAT EASTERN SHIPPING CO., LTD.,

          : ECF
    Plaintiff,   : **VERIFIED COMPLAINT**
          :
  -against-     :
          :
ASHAPURA MINECHEM LIMITED, :
          :
    Defendant.  :
------------------------------------x

  Plaintiff, THE GREAT EASTERN SHIPPING CO., LTD. (hereinafter "Plaintiff"), by and through its attorneys, Cardillo & Corbett, as and for its Verified Complaint against the Defendant, ASHAPURA MINECHEM LIMITED (hereinafter "Defendant"), alleges, upon information and belief, as follows:

## JURISDICTION

  1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

## THE PARTIES

  2. At all material times to this action Plaintiff was, and still is, a foreign business entity duly organized and existing under the laws of a foreign country with an address at

Ocean House, 134/A, Dr. Annie Besant Road, Worli, Mumbai-400 018, India.

3. At all material times Defendant was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of the laws of a foreign country with an address at Jeevan Udyog Bldg, 3rd Floor, 274, Dr D.N. Road, Fort, Mumbai-400 001, India.

<u>DEFENDANT'S BREACH OF CONTRACT - M/V MAHA ANOSHA</u>

4. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-3 of this Complaint as if set forth at length herein.

5. On March 21, 2006 Plaintiff, as disponent owner, chartered the M/V MAHA ANOSHA (the "Vessel") to Defendant, as Charterer, to carry a cargo of 35,000 metric tons (5% more or less) bulk bauxite from India to UAE (the "Charter Party").

6. Defendant exceeded the time allowed under the Charter Party for loading and discharging the cargo by 11.79931 days. Under the terms of the Charter Party, Defendant is liable to Plaintiff for demurrage as a result of its exceeding the time allowed to load and discharge at the rate of $14,000 per day. The total demurrage incurred by Defendant was $165,190.34.

7. Plaintiff has demanded payment of said demurrage, but Defendant has failed and refused to pay.

8. The Charter Party provides that any disputes arising under the Charter Party shall be referred to arbitration in India under Indian law.

9. Plaintiff reserves the right to demand arbitration from Defendant as authorized by the terms of the Charter Party and the provisions of the United States Arbitration Act, 9 U.S.C. §§1-14 and §§201-208, specifically Sections 8 and 208.

10. Interest, costs and attorneys' fees are routinely awarded to the prevailing party under Indian law. Upon information and belief, arbitrators in India will award interest at the rate of 15% per year. As best as can now be estimated, Plaintiff expects to recover the following amounts in that action:

| | | |
|---|---|---|
| A. | Principal claim: | $165,190.34 |
| B. | Interest for 4 years: | $123,728.59 |
| C. | Cost, and attorney's fees: | $ 70,000.00 |
| | Total: | $358,918.93 |

DEFENDANT'S BREACH OF CONTRACT - M/V JAG NIKAS

11. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-10 of the this Complaint as if set forth herein.

12. On April 20, 2007 Plaintiff, as owner, chartered the M/V JAG VIKAS (the "Vessel") to Defendant, as charterer, to

carry a cargo of 27,500 metric tons (10% more or less) bulk bauxite from India to UAE (the "Second Charter Party").

13. Defendant exceeded the time allowed under the Second Charter Party for loading and discharging the cargo by 6.53819 days. Under the terms of the Second Charter Party, Defendant is liable to Plaintiff for demurrage as a result of its exceeding the time allowed to load and discharge at the rate of $20,000 per day. The total demurrage incurred by Defendant was $130,763.80.

14. Plaintiff has demanded payment of said demurrage, but Defendant has failed and refused to pay.

15. The Charter Party provides that any disputes arising under the Charter Party shall be referred to arbitration in India under Indian law.

16. Plaintiff reserves the right to demand arbitration from Defendant as authorized by the terms of the Charter Party and the provisions of the United States Arbitration Act, 9 U.S.C. §§1-14 and §§201-208, specifically Sections 8 and 208.

17. Interest, costs and attorneys' fees are routinely awarded to the prevailing party under Indian law. Upon information and belief, arbitrators in India will award interest at the rate of 15% per year. As best as can now be estimated, Plaintiff expects to recover the following amounts

in that action:

|   |   |   |
|---|---|---|
| A. | Principal claim: | $130,763.80 |
| B. | Interest for 3 years: | $ 68,111.60 |
| C. | Cost, and attorney's fees: | $ 70,000.00 |
| Total: | | $268,875.40 |

<u>DEFENDANT NOT FOUND WITHIN THE DISTRICT</u>

18. Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has or will have during the pendency of this action, property within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, ABN Amro Bank NV, American Express Bank, Banco Popular, Bank Leumi, Bank of America, Bank of China, Bank of Communications Co. Ltd. New York Branch, Bank of India, Bank of New York, Barclays Bank, BNP Paribas, Calyon, Citibank, Commerzbank, Deutsche Bank, HSBC (USA) Bank, J.P. Morgan Chase, Standard Chartered Bank, State Bank of India, Societe Generale, UBS AG and/or Wachovia Bank, which are believed to be due and owing to Defendant.

19. Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime

Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8 and §§201-208, attaching, *inter alia,* any property of defendant held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over defendant, and to secure Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A.    That process in due form of law issue against Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B.    That since Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1, 8 and 208, attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including, but not limited to, ABN Amro Bank NV, American Express Bank, Banco Popular, Bank Leumi, Bank of America, Bank of China, Bank of Communications Co. Ltd. New York Branch, Bank of India, Bank of New York, Barclays Bank,

BNP Paribas, Calyon, Citibank, Commerzbank, Deutsche Bank, HSBC (USA) Bank, J.P. Morgan Chase, Standard Chartered Bank, State Bank of India, Societe Generale, UBS AG and/or Wachovia Bank, which are due and owing to Defendant, in the amount of $627,794.33 to secure Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Rule B answer the matters alleged in the Complaint;

  C. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

  D. That Plaintiff have such other, further and different relief as the Court may deem just and proper.

Dated: New York, New York
    May 16, 2008

          CARDILLO & CORBETT
          Attorneys for Plaintiff
          THE GREAT EASTERN SHIPPING CO., LTD.

By: _____
   Tulio R. Prieto (TP-8455)
   Office and P.O. Address
   29 Broadway, Suite 1710
   New York, New York 10006
   Tel: (212) 344-0464
   Fax: (212) 797-1212

## ATTORNEY'S VERIFICATION

State of New York )
                  ) ss.:
County of New York)

    1.   My name is Tulio R. Prieto.

    2.   I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

    3.   I am a partner in the firm of Cardillo & Corbett, attorneys for the Plaintiff.

    4.   I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

    5.   The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

    6.   The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

    7.   I am authorized to make this Verification on behalf of the Plaintiff.

                                  _/s/ Tulio R. Prieto_
                                      Tulio R. Prieto

Sworn to this 16th day
of May, 2008

_/s/ Christophil B. Costas_
CHRISTOPHIL B. COSTAS
Notary Public, State of New York
No. 31-0773693
Qualified in New York County
Commission Expires April 30, 2011

8